Felix J. KROLCZYK, Libelant,

v.

WATERWAYS NAVIGATION CO., a corporation, Respondent,

and

International Milling Co., a corporation, Respondent.

WATERWAYS NAVIGATION CO., a corporation, Petitioner,

v.

INTERNATIONAL MILLING CO., a corporation, Impleaded Respondent,

and

Great Lakes Cargo Handling Co., a corporation, Impleaded Respondent.

Civ. A. No. 15729.

United States District Court
E. D. Michigan, S. D.
May 21, 1957.

874.

Carl F. Davidson, Detroit, Mich., for libelant.

John H. Hanninen, McCreary, Hinslea & Ray, Cleveland, Ohio, Percy J. Power, Hill, Lewis, Andrews, Granse & Adams, Detroit, Mich., for respondent Waterways Nav. Co.

Richard A. Harvey, Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., for petitioner International Milling Co.

D. S. DeWitt, Mansfield, DeWitt & Sulzbach, Detroit, Mich., for impleaded respondent Great Lakes Cargo Handling Co.

LEVIN, District Judge.

This libel in admiralty is brought by a longshoreman for personal injuries sustained while working aboard the S.S. Ralph Caulkins on January 6, 1956. The ship had been decommissioned and laid up for winter on December 5, 1955 at a dock on the Detroit River. She was then under contract to store grain for the winter. On January 3, 1956 the ship was moved by tugs and without a navigating crew to another dock in order to unload her cargo. It was during the course of unloading on January 6, 1956 that the libelant was injured.

As this accident occurred on the Detroit River, a navigation waterway in the Great Lakes chain, the libelant claims that he is entitled to a jury trial under the Great Lakes Jury Statute, 5 Stat. 726 (1845), 28 U.S.C.A. § 1873 (1950). The statute provides:

"In any case of admiralty and maritime jurisdiction relating to any matter of contract or tort arising upon or concerning any vessel of twenty tons or upward, enrolled and licensed for the coasting trade, and employed in the business of commerce and navigation between places in different states upon the lakes and navigable waters connecting said lakes, the trial of all issues of fact shall be by jury if either party demands it."

The only issue is whether the S.S. Ralph Caulkins was "employed in the business of commerce and navigation" when the accident occurred. A ship is no longer in navigation when it is laid up for the winter and used solely as a floating warehouse. Since she was not then employed in navigation it is unnecessary to consider whether she was then engaged in commerce. See, The Richard Winslow, 7 Cir., 1896, 71 F. 426; Hawn v. American S.S. Co., 2 Cir., 1939, 107 F.2d 999.

Accordingly, the libelant's demand for a jury trial will be denied.